No. 03-0306

**FILED**

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

OCT 23 2003

LEONARD GREEN, Clerk

In re: COOPERS & LYBRAND, et al., )
)
Petitioners ) O R D E R
)
)

C2-97-449

Before: KEITH, DAUGHTREY, and GILMAN, Circuit Judges.

The petitioners, defendants in the case below, seek permission under Fed. R. Civ. P. 23(f) for leave to appeal an interlocutory order of the district court granting the plaintiffs' motion for class certification in this securities fraud case. The plaintiffs oppose the petition.

> A court of appeals may in its discretion permit an appeal from an order of a district court granting or denying class action certification under this rule if application is made to it within ten days after entry of the order. An appeal does not stay proceedings in the district court unless the district judge or the court of appeals so orders.

Fed. R. Civ. P. 23(f). The Committee Note accompanying Rule 23(f) states that "[p]ermission to appeal may be granted or denied on the basis of any consideration that the court of appeals finds persuasive." However, "many suits with class-action allegations present familiar and almost routine issues that are no more worthy of immediate appeal than many other interlocutory rulings." *Id.* This circuit "eschew[s] any hard-and-fast test in favor of a broad discretion to evaluate relevant factors that weigh in favor of or against an interlocutory appeal." *In re Delta Airlines*, 310 F.3d 953, 959 (6th Cir. 2002), *cert. denied sub nom. Northwest Airlines Corp. v. Chase*, 123 S.Ct. 2252 (2003). The Rule 23(f) appeal is "never to be routine," and "some assessment of the merits of a class certification decision must weigh into the initial determination of whether to grant the interlocutory appeal." *Id.* at 959-960. There are four specific factors that guide the court's consideration of a petition to appeal under Rule 23(f). First, the "death-knell" factor recognizes "that the costs of

continuing litigation for either a plaintiff or defendant may present such a barrier that later review is hampered." *Id.* at 960. Second, a case that raises a novel or unsettled question may be a candidate for interlocutory review. Third, the likelihood of the petitioner's success on the merits is a factor to be considered. Fourth, the posture of the case in the district court is relevant.

Upon consideration of these factors, we conclude that interlocutory review is not warranted. In refusing to weigh the relative merits of the case, the district court was heeding the Supreme Court's admonition in *Eisen v. Carlisle & Jacquelin*, 417 U.S. 156, 177 (1974), that "nothing in either the language or history of Rule 23 . . . gives a court any authority to conduct a preliminary inquiry into the merits of a suit in order to determine whether it may be maintained as a class action." 417 U.S. at 177. *See Marx v. Centran Corp.*, 747 F.2d 1536, 1552 (6th Cir. 1984), *cert. denied*, 471 U.S. 1125 (1985) ("[w]hen a district court is determining whether a class action may properly be maintained under Federal Rule of Civil Procedure 23, the relative merits of the underlying dispute are to have no impact upon the determination of the propriety of the class action."). The court also recognized that it need not accept the plaintiffs' claim that the stock at issue was traded on an efficient market if the claim was facially frivolous and could "probe behind the pleadings before coming to rest on the certification question." *General Telephone Co. of Southwest v. Falcon*, 457 U.S. 147, 160 (1982). In *Delta Airlines*, for example, the district court declined to weigh the conflicting opinions of the experts in making its class certification decision. Because an interlocutory review of the class certification decision would entangle the merits of the case with the more routine consideration of class certification factors, this circuit was not inclined to extend the jurisdiction conferred by Rule 23(f). *Delta Airlines*, 310 F.3d at 961. The certification decision at issue in this case "turns on case-specific matters of fact and district court discretion." *Comm. Note*, Fed. R. Civ. P. 23. "The sheer number of class actions and the unfortunately lengthy period

necessary to complete an appeal weigh against permitting interlocutory appeals of class certification decisions in ordinary cases, which involve the application of well-established standards to the facts of a particular case." *Delta Airlines*, 960 F.3d at 959-960. Although the defendants complain that the district court "has not indicated an interest in reexamining its class certification decision," it was not necessary for the court to do so. "Even after a certification order is entered, the judge remains free to modify it in the light of subsequent developments in the litigation." *General Telephone*, 457 U.S. at 160, *see* Fed. R. Civ. P. 23(c)(1).

The defendants' petition for leave to appeal is **DENIED**.

ENTERED BY ORDER OF THE COURT

*[signature]*

Clerk

A TRUE COPY
Attest:
LEONARD GREEN, Clerk
*[signature] Teresa Bertke*
Deputy Clerk